Dear Mr. Edmiston:
You have requested an opinion of the Attorney General relative to the applicability of the homestead exemption to property which is owned by the occupant's business. You state that the homeowner transferred title of his home to his business. He and his wife occupy the house. You specifically ask whether the property is entitled to the homestead exemption.
In answer to your question, I refer you to Article VII, Section 20 of the 1974 Louisiana Constitution. It provides, in pertinent part, the following:
 § 20 Homestead Exemption
 Section 20. (A) Homeowners
 (1) The bona fine homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. (Emphasis added.)
As can be gleaned from the above, the homestead exemption is applied to residences "owned and occupied by any person".
In order for the homestead exemption to apply in the situation you described, the business or corporation must be said to be occupying the residence claimed in the exemption. Ordinarily, homeowners would not choose to form a corporation unless there was a business enterprise operated from their home. The exemption cannot apply to a commercial or profitable use, but only to residential use by residential homeowners.
Further, if the sole owners of the business lived on the premises and maintained it as their home, the exemption would not be applicable since two separate and distinct persons own and occupy, and the exemption only applies where the property is both owned and occupied by one person or family.
Accordingly, it is the opinion of this office that the homestead exemption does not apply to property sold by the owner/occupant to his business. In accord are Attorney General Opinion Nos. 84-39, 80-520, 79-360 and 78-667.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj